CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
OCT 09 2009
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 5:06-CR-00041 |
| v. | **MEMORANDUM OPINION** |
| O'BENSON SESERE, | By: Hon. Glen E. Conrad |
| Defendant. | United States District Judge |

This case is before the court on the defendant's motion for judgment of acquittal or, in the alternative, for a new trial. The defendant's motion claims that there was not sufficient evidence to support the defendant's convictions. For the following reasons, the court will deny the defendant's motion.

## Background

O'Benson Sesere was indicted by a grand jury on September 6, 2006. In Count One, he was charged with participating in a conspiracy, beginning not later than January of 2002, to manufacture, distribute, and possess with intent to distribute 50 grams or more of cocaine base. In Count Twenty-One, he was charged with distributing, as principal and as aider and abettor, approximately 0.9 grams of cocaine base. In Count Twenty-Two, he was charged with possessing with the intent to distribute approximately 24.3 grams of cocaine base. In Count Twenty-Four, he was charged with possessing with the intent to distribute 0.34 grams of cocaine base.

In July of 2009, before the trial of this case was set to begin, the government moved to dismiss Counts Twenty-Three, Twenty-Five, Twenty-Six, and Twenty-Seven of the indictment as to Sesere. On August 4, 2009, the court granted the government's motions.

The jury trial was held from August 17 to August 19, 2009, in Harrisonburg, Virginia. Sesere was convicted of Counts One, Twenty-One, Twenty-Two, and Twenty-Four. On August 31, 2009, the defendant filed the post-trial motion currently before the court. The defendant renews his motion for judgment of acquittal or, in the alternative, moves for a new trial. He challenges the sufficiency of the evidence to convict the defendant on Counts One, Twenty-One, Twenty-Two, and Twenty-Four. The government did not respond to the motion, and neither party has requested a hearing.

## Discussion

Federal Rule of Criminal Procedure 29 provides that the court may enter a judgment of acquittal after a jury has returned a verdict against a defendant. Fed. R. Crim. P. 29. The court must, however, uphold the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). The United States Court of Appeals for the Fourth Circuit has defined "substantial evidence" as that which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (citing United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)). The court does not review witnesses' credibility, assuming that the jury resolved contradictions in testimony in the government's favor. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

### I. Count One

The defendant argues that the jury verdict on Count One is not supported by sufficient evidence of guilt, particularly in view of the conflicts in the testimony of various government witnesses. The court's review of the evidence presented at trial, however, leads it to conclude that there was substantial evidence to support the jury's verdict that the defendant conspired to

2

manufacture, distribute, or possess with intent to distribute 50 grams or more of cocaine base, beginning on a date not later than January of 2002, as charged in Count One of the indictment. To prove a conspiracy, the government must establish: (1) that there was an agreement between two or more persons to manufacture, distribute, or possess with intent to distribute; (2) that the defendant knew of the conspiracy; and (3) that the defendant knowingly and voluntarily became part of the conspiracy. See United States v. Wilson, 135 F.3d 291, 306 (4th Cir. 1998) (quoting Burgos, 94 F.3d at 857).

The court bases its conclusion that the jury's verdict is supported by substantial evidence on the testimony of several witnesses. At trial, Otis Harper testified that he knew Sesere from his presence on the street corners in Winchester, Virginia known as the "Block," from where the conspiracy operated. Harper was also the individual who made the controlled purchase on January 11, 2006 described in Count Twenty-One. During the controlled purchase, Harper wore a wire, and an audio recording of that purchase was played for the jury. Harper testified that Sherry Sloane, a co-defendant in this case, drove him to Sesere so that he might purchase cocaine. Harper identified Sesere in open court as the individual from whom he purchased cocaine during the controlled buy.

The jury also heard from Celeste Joseph, Neda Davenport, and Manot Lusca, defendants in a related case. Joseph testified that he and Sesere used to deal on the Block, a high drug-trafficking area, and that he had fronted Sesere on at least one occasion. Davenport testified that she used to date Joseph during the period that he sold cocaine. Davenport testified that she used to pick up money for Joseph from Sesere and others. She testified that Joseph had instructed her to pick up the money from these individuals because they owed it to him for the drugs which he had sold them. She also testified that she recalled conversations about Joseph fronting some of the cocaine to

3

Sesere, and conversations regarding money that Sesere owed Joseph for some of the cocaine that had been fronted. Davenport testified that she had seen Sesere on the Block running up to cars, and that on one occasion, she saw Sesere provide somebody with cocaine in return for cash. Davenport identified Sesere in open court. In addition to the testimony of Joseph and Davenport, the jury also heard from Manot Lusca, who testified that he and Sesere would help each other out while they were selling drugs. Lusca testified that they would be look outs for each other during sales and that if one of them ran out, the other would provide him with cocaine. He also testified that he and Sesere and others, on two or three different occasions, pooled their money to purchase cocaine at a lower price.

Based on this evidence, the court concludes that a reasonable jury could find that there was an agreement to distribute cocaine base, that the defendant knew of the conspiracy, and that the defendant knowingly and voluntarily became a part of the conspiracy. Because there was substantial evidence for the jury to find Sesere guilty beyond a reasonable doubt as to Count One, the court will deny the defendant's motion.

## II.     Count Twenty-One

The defendant argues that the jury verdict on Count Twenty-One is not supported by sufficient evidence of guilt, particularly in view of the conflicts in the testimony of the witnesses. Count Twenty-One charged that on or about January 11, 2006, Sesere and a co-defendant, as principals and as aiders and abettors, knowingly and intentionally distributed approximately 0.9 grams of cocaine base. The court's review of the evidence presented at trial leads it to conclude that there was substantial evidence to support the jury's verdict as to County Twenty-One.

As described above, Harper testified at trial that co-defendant Sherry Sloane drove him to Sesere, where he purchased crack cocaine from Sesere. Sherry Sloane testified that on January 11,

4

2006, Harper told her that he needed some cocaine and she drove him to where Harper could find Sesere and purchase cocaine. The court must assume that the jury found Harper and Sloane to be credible witnesses. See Romer, 148 F.3d at 364. Therefore, in light of the testimony of Harper and Sloane, and the evidence surrounding the transaction, the court concludes that the jury's verdict that Sesere was guilty under Count Twenty-One was supported by substantial evidence. The defendant's motion is denied.

### III.  Count Twenty-Two

The defendant argues that the jury verdict on Count Twenty-Two is not supported by sufficient evidence of guilt, particularly in view of the conflicts in the testimony of the witnesses. The court concludes that there was substantial evidence to support the jury's verdict that, on or about January 12, 2006, the defendant possessed with intent to distribute approximately 24.3 grams of cocaine base. The elements of possession with intent to distribute are (1) possession of the cocaine base; (2) knowledge of the possession; and (3) intent to distribute the cocaine base. See United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). A finding of intent can be based on a number of factors, including quantity. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005).

At trial, the jury heard from several witnesses regarding a search warrant that was executed on January 12, 2006 and a quantity of cocaine base found during that search warrant. Jared Nail testified that he was present during the execution of the search warrant and that he was asked to secure the couch in the living room of the house. He testified that he found a cigar tube and a pill bottle underneath the couch, and that Sesere was lying on the floor in front of the couch in close proximity to where those items were found. Tiffany Sloane testified that, during the execution of the search warrant, she saw Sesere throw something under the couch in her living room. She

testified that, afterwards, when she and Sesere were taken to jail together, she asked him why he had thrown crack cocaine underneath her couch and that he replied that he did not want it to be found on him. The items from under the couch were found to contain approximately 24.3 grams of crack cocaine, and the government adduced testimony from an expert witness that this amount was consistent with distribution and inconsistent with personal use. Viewing the evidence presented at trial in the light most favorable to the government, the court concludes that the jury's finding that the defendant was guilty of Count Twenty-Two was supported by substantial evidence.

## IV.     Count Twenty-Four

The defendant argues that the jury's verdict on Count Twenty-Four is not supported by sufficient evidence of guilt, particularly in view of the testimony of one or more of the government's witnesses that the 0.34 grams of cocaine base in issue were found as far as twenty yards away from the defendant on the other side of a five foot fence. The defendant points out that officers testified that a portion of the 0.34 grams was found three or four yards on the other side of the fence, while the rest was on a table twenty yards from the fence. The defendant also points out that the cocaine base was found in a yard owned by a person other than the defendant. Lastly, he underscores the fact that none of the officers testified that they saw the defendant throw any objects. The defendant therefore argues that the government presented insufficient evidence of possession of the crack cocaine in issue, as well as insufficient evidence of intent to distribute on the part of the defendant.

The court concludes that there was substantial evidence to support the jury's verdict that, on or about February 18, 2006, the defendant possessed with intent to distribute approximately 0.34 grams of cocaine base. The elements of possession with intent to distribute are (1) possession of the cocaine base; (2) knowledge of the possession; and (3) intent to distribute the cocaine base. See

6

Case 5:06-cr-00041-GEC   Document 713   Filed 10/09/09   Page 6 of 8   Pageid#: 3269

Randall, 171 F.3d at 209. A finding of intent can be based on a number of factors, including, but not limited to, the quantity of the narcotics, the packaging, the location in which the drugs were found, and the amount of cash seized with the drugs. Collins, 412 F.3d at 519.

At trial, Dwight Farmer testified that on February 18, 2006, in the area of the Block, he made a hand-to-hand purchase of what he suspected to be crack cocaine in exchange for a $50 bill and then transmitted a description of the individual to other agents. Richard Swartz testified that he then saw an individual matching that description, and when he advised that individual to stop, the individual took off running and rounded a corner. Swartz testified that when he caught sight of the individual again after rounding the corner, the individual was attempting to climb over a four to five foot wooden fence. Swartz identified that individual as Sesere, and testified that he recovered approximately $400 in cash and a $50 bill from Sesere at that time. Because he had lost sight of Sesere briefly during the chase, he called in a canine officer to determine whether there were any narcotics in the area. Swartz testified that they located various pieces of crack cocaine, some of which was found on the ground and some of which was found on a table, all on the other side of the fence. When asked how far the table was from the fence, Swartz testified that it was no less than three to four feet, and that the crack cocaine was sitting in plain view on top of the table and on top of the dirt and grass, and not hidden or secreted away.

In addition to the testimony of Farmer and Swartz, the court also relies on the testimony of Steven Spaid and Brian Padgett. Steven Spaid testified that on February 18, 2006, he was called to search for narcotics that might have been thrown during a foot pursuit. He testified that he personally observed loose crack cocaine lying on the ground, and also observed officers taking something off of the table in the area. When asked how far the table was from the site where he had

7

spotted crack cocaine in the grass, Spaid answered that it was relatively all in an area that was not very big. He testified that he could not recall how far exactly the table was from the fence, but that it was within 20 yards. When asked how far the crack cocaine found in the grass was from the fence, he testified that it was within three or four feet. In addition, the jury heard from an expert, Brian Padgett, who testified that drug dealers often have large sums of money from their drug dealings.

Viewing the evidence in the light most favorable to the government, the court concludes that a reasonable jury could find that the defendant possessed the cocaine base at issue and intended to distribute it. Because there was substantial evidence for the jury to find Sesere guilty beyond a reasonable doubt as to Count Twenty-Four, the court will deny the defendant's motion.

### Conclusion

For the foregoing reasons, the court concludes that the defendant's motion for judgment of acquittal or, in the alternative, for a new trial is without merit and must be denied. An appropriate order will be entered this day.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 9th day of October, 2009.

*/s/ Glen E. Conrad*
United States District Judge