
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA

OCT 31 2011

JULIA C. ___, CLERK
BY: ___
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) MEMORANDUM OPINION |
| | ) |
| | ) CASE NO. 5:06CR00041 |
| vs. | ) (CASE NO. 5:11CV80366) |
| | ) |
| O'BENSON SESERE, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

O'Benson Sesere, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Sesere claims that under recent precedent of the United States Supreme Court, Carachuri-Rosendo v. Holder, ___U.S.___, 130 S. Ct. 2577 (2009), and the United States Court of Appeals for the Fourth Circuit, United States v. Simmons, 649 F.3d 237 ((4th Cir. Aug. 17, 2011), he is entitled to be resentenced. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as without merit.[1]

## I

A grand jury of this court returned an indictment on September 6, 2006, charging that O'Benson Sesere, along with eleven others, had conspired to manufacture and distribute cocaine base from January 2002 to 2006. The indictment also brought other related charges against Sesere. This defendant pleaded not guilty and was tried before a jury in August 2009 and was found guilty on four counts of the indictment.

After preparation of a presentence report (PSR), the court conducted a sentencing hearing on November 12, 2009. The PSR reported that Sesere had three prior, state court convictions for

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

which he should receive one criminal history point each, under § 4A1.1(c) of the advisory federal sentencing guidelines ("USSG"), placing him in a criminal history category II. The report recommended a finding that Sesere should be held responsible for 1,132 grams of cocaine base, giving him a total offense level of 34. These calculations resulted in a sentencing range of 168 to 210 months imprisonment. The court granted a defense motion for a downward departure and sentenced Sesere to 154 months imprisonment on each of the four counts for which he was convicted, with these sentences to run concurrent to each other. Sesere appealed, and the Fourth Circuit affirmed the judgment. See United States v. Sesere, 413 Fed.App'x 653 (4th Cir. Feb. 7, 2011). He then filed this § 2255 motion.

II

In many sentencing protocols, an offender may face a longer sentence if his prior criminal history includes a set number of qualifying felonies defined as crimes for which the maximum term of imprisonment authorized is more than one year. The Fourth Circuit, among other courts, previously held that prior felonies could meet this definition if the maximum punishment applicable to the offender "with the worst possible criminal history" exceeded one year, even if the sentencing court had made no finding that the defendant himself was such an offender and had imposed a sentence of less than one year. See, e.g., United States v. Harp , 406 F.3d 242, 246 (4th Cir. 2005).

In Carachuri, however, the Supreme Court noted that "a recidivist finding could set the 'maximum term of imprisonment [on a prior conviction], . . . only when the finding is part of the record of conviction." 130 S. Ct. at 2587 n. 12 (interpreting holding in United States v. Rodriquez, 553 U.S. 377, 389 (2008)). Taking this interpretation under consideration, the Fourth Circuit recently abrogated the holding in Harp by ruling that the government cannot rely on

2

hypothetical aggravating factors when calculating the defendant's maximum punishment for a prior offense. United States v. Simmons, 649 F.3d 237, 243-44 (4th Cir. Aug. 17, 2011).

In his § 2255 motion, Sesere asserts that under the ruling in Simmons, the government improperly relied on prior convictions to give him an enhanced federal sentence. He is mistaken.

Section 4A1.1 provides the number of criminal history points that the defendant accrues for each of his prior convictions and sentences in determining his criminal history category under the guidelines, according to the following scale:

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

§ 4A1.1 (omitting (d)-(f)). A defendant will acquire points for a prior conviction under § 4A1.1(a) only if the court concludes that he was subject to a maximum sentence of more than one year for the prior offense. Acquisition of points for prior convictions under § 4A1.1(c), as occurred in Sesere's case, however, requires no such finding. Thus, the changes that Carachuri and Simmons brought to the federal sentencing landscape do not have any effect on the legality of Sesere's sentence. As he offers no other ground on which he seeks relief under § 2255, the court will dismiss his motion as without merit. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 31st day of October, 2011.

/s/ Glen E. Conrad
Chief United States District Judge

3