AT CHARLOTTESVILLE, VA
FILED
DEC 15 2011
JULIA C. DOOLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal Action No. 5:06CR00041-010 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| O'BENSON SESERE, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. For the following reasons, the court will deny the defendant's motion to reduce his term of imprisonment.

On August 19, 2009, the defendant, O'Benson Sesere, was convicted by a jury of conspiring to distribute and possess with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846; distributing less than one gram of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possessing with the intent to distribute 24.3 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and possessing with the intent to distribute less than one gram of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The defendant was sentenced on November 12, 2009. Under the advisory sentencing guidelines, the defendant had a total offense level of 34 and a criminal history category of II, resulting in a guideline range of imprisonment of 168 months to 210 months. Determining that the defendant's criminal history overstated the seriousness of his past record, the court departed below the guideline range and imposed concurrent 154-month sentences on all four counts.

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing

Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

The defendant filed a pro se motion to reduce his sentence on November 14, 2011. Having considered the defendant's motion, the court is constrained to conclude that the motion must be denied.

"Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment when the defendant 'is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" United States v. Hood, 556 F.3d 226, 231 (4th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis in original). Thus, to be the basis of a reduction under § 3582(c)(2), an amendment to the sentencing guidelines "must have 'the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G. § 1B1.10(a)(2)(B)) (emphasis in original).

In the instant case, the defendant was held responsible for 1.132 kilograms of crack cocaine. When the defendant was originally sentenced, this quantity of crack cocaine gave rise to a base offense level of 34. Under Amendment 750, the base offense level for 1.132 kilograms of crack cocaine continues to be 34. Consequently, the defendant's total offense level and the applicable guideline range remain the same. Accordingly, a sentence reduction is not authorized under § 3582(c)(2), since the amendment does not have the effect of lowering the defendant's applicable guideline range. See U.S.S.G. § 1B1.10(a)(2)(B). For these reasons, the defendant's motion for

2

reduction must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 15th day of December, 2011.

                                       /s/ Glen Conrad
                                       Chief United States District Judge