CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
APR 29 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:06CR00041-010 |
| | (CASE NO. 5:15CV80818) |
| v. | MEMORANDUM OPINION |
| O'BENSON SESERE, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

O'Benson Sesere, a federal inmate proceeding pro se, has filed a pleading that he styles as a "MOTION TO VACATE JUDGMENT AND SENTENCE UNDER FED. R. CIV. P. 60(D)(3) FRAUD ON THE COURT IN AN INDEPENDENT ACTION NOT TO BE CONSTRUED AS SECOND OR SUCCESSIVE § 2255." Because Sesere has no ground for relief under the authority he cites, his motion must be denied. Furthermore, because his motion merely attempts to overturn his conviction, the court construes and dismisses his submission as a successive § 2255 motion.

Sesere was convicted after a jury trial in August 2009 of one count of conspiracy to manufacture and distribute cocaine base and three counts of distribution of that substance. The court sentenced Sesere well below the advisory guideline range to concurrent terms of 154 months imprisonment on each of the four counts. Sesere's appeal was unsuccessful. See United States v. Sesere, 413 Fed.App'x 653 (4th Cir. Feb. 7, 2011). He then filed a § 2255 motion, which was also denied. See Sesere v. United States, Civil Action No. 5:12CV80439, 2012 WL 5285595 (W.D. Va. Oct. 25, 2012), appeal dismissed, 543 F. App'x 335 (4th Cir. Oct 21, 2013) (unpublished).

Sesere now demands relief from the criminal judgment under Rule 60(d)(3) of the Federal Rules of Civil Procedure[1] and Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944),

---

[1] Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(d) provides that the prior provisions of Rule 60 "do[es] not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d).

overruled on other grounds by Standard Oil Co. of Cal. v. United States, 429 U.S. 17 (1976), based on an alleged fraud on the court. Specifically, Sesere alleges that a federal agent falsely testified at his trial that a witness named L'apoint[2] had made statements during a 2007 interview, incriminating Sesere in several drug trafficking transactions. Thereafter, Lapoint testified that he had made no such statements about Sesere during the 2007 interview. Since his conviction, Sesere's attempts to obtain a copy of the agent's 2007 interview of Lapoint, including a request under the Freedom of Information Act, have failed. Sesere contends that his inability to recover a copy of the interview proves that the agent fabricated his testimony about Lapoint's incriminating statements.

As an initial matter, the court finds no merit to Sesere's claim that allegations of fraud during the criminal proceedings entitle him to have his conviction itself vacated under Rule 60(d)(3), or the Hazel-Atlas opinion, which was a civil action. Rule 60(d), like the other Federal Rules of Civil Procedure, "govern the procedure in all civil actions and proceedings in the United States district courts . . . ." Fed. R. Civ. P. 1). The court finds "no respect in which this civil rule could apply to authorize an action by a criminal defendant to invalidate a criminal conviction." United States v. Murphy, No. 1:06CR00062, 2012 WL 5465478, at *2 (W.D. Va. May 8, 2012) (citing United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (same)). Therefore, Sesere's motion as titled must be summarily denied.[3]

Moreover, because Sesere's current motion recasts a claim already decided against him in his initial § 2255 proceeding, the court construes it as a second § 2255 motion, overruling Sesere's

---

[2] Although Sesere refers to this witness as L'apoint, the criminal trial transcript refers to this individual as Lapoint.

[3] Even assuming that federal courts have a similar inherent power to invalidate a final criminal judgment upon a showing of fraud on the court during the criminal proceedings, the court is satisfied that Sesere has made no such showing. See United States v. Smiley, 553 F.3d 1137, 1144 (8th Cir. 2009) (finding that if such power exists, "[f]raud on the court which justifies vacating a judgment is narrowly defined as fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury"). At the most, Sesere claims that Lapoint or the agent or both offered false testimony at his trial. This allegation, even if proven true, is not sufficient to undermine confidence in the validity of the judgment Sesere seeks to overturn. As the court noted in denying relief on this issue in his initial § 2255 proceeding, "[g]iven the extent of the evidence against Sesere, which included testimony from multiple witnesses, and the fact that the jury was presented with evidence and argument relating to [Lapoint's] credibility, the court is convinced that there is no reasonable likelihood that [Lapoint's] testimony affected the jury's verdict." Sesere, 2012 WL 5285595, at *4.

2

objection to that construction. See Gonzalez v. Crosby, 545 U.S. 524, 538 (2005) (holding that motion asserting or reasserting basis for relief from defendant's underlying conviction is properly construed as a second § 2255 motion); United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002) (recognizing validity of longstanding practice of courts to classify pro se pleadings from prisoners according to their contents, without regard to their captions); Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006) (holding that motion alleging fraud on the court in a defendant's criminal proceeding must be considered second-or-successive collateral attack).

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. Sesere offers no indication that he has obtained certification from the Court of Appeals to file a second or successive § 2255 motion. Therefore, the motion will be summarily dismissed without prejudice as successive. A separate order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 28th day of April, 2015.

_____
Chief United States District Judge